NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSA VENTURA,<br><br>    Plaintiff,<br><br>v.<br><br>I.C. SYSTEMS, INC. and TARGET NATIONAL BANK,<br><br>    Defendants. | Civil Action No.: 11-5396 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court on an unopposed motion by Defendant Target National Bank ("Defendant" or "Target"), pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss claims by Plaintiff Rosa Ventura ("Plaintiff" or "Ventura"). The Court has considered Defendant's submission in support of the instant motion and decides the matter without oral argument. Fed. R. Civ. P. 78.

Plaintiff's Complaint states that this is an action under the Fair Debt Collection Practices Act ("FDCPA"), "15 U.S.C. § 1692(a)," against debt collectors I.C. Systems, Inc. ("I.C. Systems"), and an action for invasion of privacy against both I.C. Systems and Target. (Compl. ¶¶ 1-2).[1] Based on

---

[1] The Complaint asserts claims that arise under "15 U.S.C. § 1692(a)," however, for the purposes of this motion the Court will assume that Plaintiff attempted to assert claims under 15 U.S.C. § 1692c(a) because the former is a congressional finding whereas the latter pertains to communication in connection with debt collection and is cited later in the Complaint. Further, despite the fact that the first paragraph of the Complaint only asserts a cause of action against I.C. Systems for FDCPA violations, other parts of the Complaint attempt to include Target as well.

1

the reasons set forth below, Defendant Target's motion to dismiss is granted.

## BACKGROUND

On October 27, 2010, Plaintiff allegedly advised "original creditor Target National Bank" that Plaintiff was represented by counsel and "demanded that they cease and desist from all direct communications with Plaintiff," and similarly advised Defendant I.C. Systems. (Compl.¶¶ 9-11). Plaintiff states that Target should have known that all future communications should have been directed to Plaintiff's counsel because Plaintiff sent a client representation letter. (Compl.¶ 10). However, I.C. Systems allegedly directly communicated with Plaintiff sometime after October 27, 2010, and "made harassing calls to Plaintiff on or around October 20, 2010 through October 28, 2010. (Compl.¶¶ 12, 14). Ventura asserts that both Defendants "invaded Plaintiff's privacy by directly contacting Plaintiff after Plaintiff had instructed that all further communications be directed to Plaintiff's counsel." (Compl. ¶ 13).

Plaintiff originally filed a Complaint in the Superior Court of New Jersey, Law Division – Special Civil Part, Hudson County on August 10, 2011. On September 19, 2011, Defendant I.C. System, Inc. removed the action to this Court on the basis of federal question jurisdiction. The removal was with Defendant Target's consent. Defendant Target now moves to dismiss Plaintiff's claims against it for failure to state a claim.

## LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949

(2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of the complaint, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). In doing so, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). However, the Court need not accept "thread bare recitals of a cause of action's elements, supported by mere conclusory statements" as true. Iqbal, 129 S. Ct. at 1949. A claim is plausible on its face when the pleaded facts, taken as true, allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Id. With this framework in mind, the Court turns now to Defendant's motion.

## DISCUSSION

### 1. FDCPA Claims

Plaintiff's Complaint asserts that Defendants violated FDCPA § 1692c(a).[2] In addition, without specifying to which Defendant Plaintiff is referring, Plaintiff's Complaint alleges that FDCPA § 1692g was violated because written notice "was not sent within five days of the initial contact, and in fact at no time did Plaintiff or Plaintiff's counsel receive any such information."

---

[2] Section 1692c(a) of the FDCPA provides, in relevant part, that: "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt . . . ."

(Compl.¶ 8).[3] However, Defendant Target argues that the FDCPA only applies to debt collectors, not original creditors. (Def's Mot. to Dismiss, 5).

In the Complaint, Plaintiff refers to Defendant Target as the "original creditor" and does not provide any additional information other than an address. (Compl.¶¶ 5, 9). "In the most general terms, the FDCPA prohibits a debt collector from using certain enumerated collection methods . . . to collect a 'debt' from a consumer." F.T.C. v. Check Investors,Inc., 502 F.3d 159, 166 (3d Cir. 2007). As provided by the Third Circuit, "[t]he FDCPA's provisions generally apply only to "debt collectors. Creditors-as opposed to 'debt collectors'-generally are not subject to the FDCPA." Pollice v. National Tax Funding, 225 F.3d 379, 402 (3d Cir. 2000). Further, "[c]reditors who collect in their own name and whose principal business is not debt collection . . . are not subject to the Act . . . . Because creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill, their debt collection activities are not subject to the Act unless they collect under a name other than their own." Id. (quoting Aubert v. American Gen. Fin., Inc., 137 F.3d 976, 978 (7th Cir. 1998) (ellipses in original).

> As per the FDCPA definition, a "debt collector" is
>
> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6). The definition contains several exclusions, including, for example, officers

---

[3] 15 U.S.C. § 1692g provides, in relevant part, that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice."

4

or employees of a creditor while collecting debts for the creditor. Id.

Having carefully reviewed the allegations set forth in Plaintiff's Complaint, the Court agrees that Plaintiff's FDCPA claims fail to meet the pleading requirement of plausibility under Fed. R. Civ. P. 8(a). First, as per the limited facts provided in Plaintiff's Complaint, Defendant Target is an "original creditor," not a "debt collector," and does not fall within any of the § 1692(a) exclusions. Thus, the FDCPA does not apply.

Second, with regard to § 1692c(a), Plaintiff only asserts that Defendant Target "should have known" to direct all communication to Plaintiff's counsel based on a client representation letter. Notably, Plaintiff does not expressly allege that Defendant Target communicated directly with Plaintiff at any time, particularly after the client representation letter was sent.

Further, Defendant Target argues that it cannot be held vicariously liable because they are not a debt collector and civil liability "covers only 'any debt collector who fails to comply [with the FDCPA].'" (Def.'s Br., 7) (quoting 15 U.S.C. § 1692k(a)). The Court agrees. "Although there is relatively little case law on the subject of vicarious liability under the FDCPA, there are cases supporting the notion that an entity which itself meets the definition of 'debt collector' may be held vicariously liable for unlawful collection activities carried out by another on its behalf." Pollice v. National Tax Funding, 225 F.3d 379, 404 (3d Cir. 2000). As discussed above, based on the facts pled by Plaintiff in her Complaint, Defendant Target is not a "debt collector." Therefore, Plaintiff's FDCPA claims must be dismissed.

**B. Invasion of Privacy**

Ventura asserts that " I.C. Systems, Inc and Target National Bank invaded Plaintiff's privacy

5

by directly contacting Plaintiff after Plaintiff informed Target National Bank that Plaintiff was represented by counsel and had instructed that all further communications be directed to Plaintiff's counsel." (Compl. ¶ 13). However, Ventura only alleges that Defendant I.C. Systems directly contacted Plaintiff after the client representation letters were sent, not Target.

In New Jersey, "[t]he right of privacy has been defined as 'the right of an individual to be . . . protected from any wrongful intrusion into his or her private life which would outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." Villanova v. Innovative Investigations, Inc., 420 N.J.Super. 353, 360 (quoting Burnett v. Cnty. of Bergen, 402 N.J.Super. 319, 332 (App.Div.2008).[4] However, "[a] high threshold must be cleared to assert a cause of action based on the [common law tort of intrusion on seclusion]. A plaintiff must establish that the intrusion 'would be highly offensive to the ordinary reasonable man, as the result of conduct to which the reasonable man would strongly object.'" Stengart v. Loving Care Agency, Inc., 201 N.J. 300, 316 (2010). Ventura states that in addition to contacting Plaintiff directly, I.C. Systems made "harassing [phone] calls." (Compl.¶¶ 12, 14). Based on these facts alone, Plaintiff falls far short of showing a plausible right to relief as to Target.

## C. Remaining Claims

In the Complaint, Plaintiff additionally requests "actual damages" for the following, in

---

[4] There are four distinct types of invasion of privacy in tort law: "(1) intrusion (e.g., intrusion on plaintiff's physical solitude or seclusion, as by invading his or her home, illegally searching, eavesdropping, or prying into personal affairs); (2) public disclosure of private facts (e.g., making public private information about plaintiff); (3) placing plaintiff in a false light in the public eye (which need not be defamatory, but must be something that would be objectionable to the ordinary reasonable person); and (4) appropriation, for the defendant's benefit, of the plaintiff's name or likeness." Villanova, 420 N.J. Super 360 (quoting Rumbauskas v. Cantor, 138 N.J. 173, 649 (1994)). Based on the alleged facts, the only possibly applicable invasion of privacy tort is the first, intrusion.

relevant part: "the drop in Plaintiff's credit score, and . . . inability to continue [a] normal way of life"; "Plaintiff's inability to gain credit"; "denial from a potential loan modification due to the negative credit reporting"; and "emotional damages for the stress and anxiety placed upon Plaintiff from the invasion of Plaintiff's privacy." (Compl.). However, Plaintiff provides no additional facts to support such claims, nor are they germane to the causes of action asserted. As stated above, bald assertions and legal conclusions are insufficient under Rule 8(a). Thus, those claims are dismissed as well.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted. Accordingly, as to Defendant Target, Plaintiff's claim under the FDCPA, for invasion of privacy, and other claims are dismissed without prejudice. Plaintiff has thirty (30) days to amend to attempt to cure the pleading deficiencies addressed herein.

DATED: November 9th, 2011

Jose L. Linares, U.S.D.J.
United States District Judge

7